NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CAPITAL BAKERS, INC., Respondent.

No. 15079.

United States Court of Appeals
Third Circuit.

Argued April 1, 1965.

Decided Sept. 23, 1965.

Rehearing Denied Oct. 25, 1965.

Michael N. Sohn, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Atty., N. L. R. B., on the brief), for petitioner.

Earle K. Shawe, Baltimore, Md. (Larry M. Wolf, Baltimore, Md., on the brief), for respondent.

Before HASTIE and FREEDMAN, Circuit Judges, and WEBER, District Judge.

WEBER, District Judge.

This case is before the Court on the petition of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq. for enforcement of its order dated August 25, 1964. The Board found that respondent violated Section 8(a) (5) and (1) of the Act by refusing to bargain with the Union as the duly elected and certified representative of its employees. This case involves one out of four of respondent's plants [Paxton Street plant, Harrisburg, Pa.] upon which petitions were heard on a consolidated record resulting in findings that each was an appropriate bargaining unit, and directing that an election be held.

At the hearing on the petition respondent contested the appropriateness of the single plant unit. Respondent did not request the Board to review this finding.

At the election, of 62 ballots 31 favored the Union, 29 were opposed, and 2 ballots were challenged by the Union. The Regional Director conducted an administrative investigation, overruled one challenge and sustained one. The challenged ballot which was overruled was not counted because it would not change the result, and the Union was accordingly certified. Respondent made a request for hearing at this time.

A Request for Review was filed by the respondent with respect to the sustained challenge on the grounds that the Regional Director had denied respondent a hearing with respect to the supervisory status of the challenged employee. The Request for Review was denied without hearing.

The respondent refused to recognize or bargain with the Union and an Unfair Labor Practice charge and hearing followed. Here respondent contended that the single plant unit was inappropriate but the Trial Examiner refused to pass on this issue on the grounds that respondent's failure to seek a review of the original representation decision precluded litigating this issue in any subsequent unfair labor practice proceeding.[1] Also, respondent sought to introduce evidence on the alleged supervisory status of the challenged employee. The Trial Examiner refused to pass on this issue on the grounds that the Labor Board's refusal of Request for Review of this issue could not be relitigated under the Board's Rules. A detailed offer of proof was made on the record but was rejected by the Trial Examiner. Respondent also claimed that it was improperly denied a hearing on the question of the alleged supervisory status of the challenged ballot. The Trial Examiner rejected this contention on the grounds that it had been examined and rejected by the Board on the Request for Review, and, absent newly discovered evidence, the issue could not be relitigated in the complaint hearing.

This petition for enforcement followed. Respondent admits that it has refused to recognize and bargain with the Union, but asserts that the Labor Board's findings and conclusions that respondent violated the Act are not supported by substantial, material and valid evidence on the record considered as a whole, as required by the Act, and are erroneous as

1. N. L. R. B. Rules and Regulations, Series 8, Sec. 102.67(f):

"The parties may, at any time, waive their right to request review. Failure to request review shall preclude such parties from relitigating, in any related subsequent unfair labor practice proceeding, any issue which was, or could have been, raised in the representation proceeding. Denial of a request for review shall constitute an affirmance of the regional director's action which shall also preclude relitigating any such issues in any related subsequent unfair labor practice proceeding."

a matter of law. Specifically, respondent contends that:

(1) The Board's determination that the challenged employee was supervisory was made on the basis of an ex parte investigation and without granting a hearing which deprived respondent and its employees of their rights under law; and

(2) The direction of an election in a single plant unit was erroneous and contrary to the requirements of the National Labor Relations Act.

## I.

THE APPROPRIATE BARGAINING UNIT DETERMINATION.

Respondent argued that the determination of the appropriate bargaining unit in this case was made by the Labor Board in violation of Section 9(c) (5) of the Act which provides that:

"In determining whether a unit is appropriate for the purposes specified in subsection (b) of this section the extent to which the employees have organized shall not be controlling." 29 U.S.C. § 159(c) (5).

In support of this argument respondent points to its history of representation petitions. Respondent operates six bakery plants within an 85 mile radius of Harrisburg, Pennsylvania. In 1956 and in 1960 the Board held that a unit of employees in a single plant of respondent was not appropriate, holding that:

"the high degree of integrated, centralized and detailed managerial control of labor relations policies for all the plants, the interdependence of the plants in the Employer's production and distribution system, the similarity of functions of all the production and maintenance employees, and their uniform working conditions and fringe benefits" (Joint Appendix p. 1366).

all compelled a conclusion that a single plant unit was not appropriate. (Case No. 4–RC–4091). In 1961, the parent organization of the Union involved here agreed to and the Labor Board directed an election in a multi-plant unit of all respondent's plants, which the Union lost. In 1963 the Board reversed its 1960 position and directed an election in a single plant unit in Williamsport on petition of a local of the Teamsters Union. A Request for Review of the unit determination was denied, but the Union lost the election. Also in 1963, at the Pottsville plant, the Board directed a single plant unit election for a Teamsters Union Local, the respondent requested Review which was denied, and the Union lost the election.

The present proceeding grew out of four single plant representation petitions in 1963 for four of respondent's plants, and the determination by the Regional Director after hearing, that each of said plants was an appropriate unit for the production and maintenance employees. The respondent did not file a Request for Review of this determination, but filed its Request for Review on the supplemental determination of the Regional Director concerning the contested ballots in the election. In this Request for Review respondent stated that it was not abandoning its objection to the unit determination but it devoted its arguments to the challenged ballot issue. The Trial Examiner at the unfair labor practice hearing held that under Sec. 102.67(f) of the Board's Rules and Regulations the respondent's failure to request review of this finding precluded it from being raised at this time, in the absence of any evidence unavailable at the time of the representation hearing. Respondent did not seek to introduce further testimony on the unit issue, but argued that the finding of a single plant unit was a reversal of prior determinations of the Board without proper justification.

Section 10(e) of the National Labor Relations Act provides:

"No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e).

This has not only been held to preclude judicial consideration of issues not raised before the Board, N. L. R. B. v. Local 476, United Association of Journeymen of the Plumbing & Pipefitting Industry, AFL-CIO, 368 U.S. 401, 402 (1962), 82 S.Ct. 423, 7 L.Ed.2d 382; N. L. R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 322, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961), but also to apply where an issue litigated before the Trial Examiner has not been raised by a timely exception to a determination of the Board by Request for Review. N. L. R. B. v. Mooney Aircraft, Inc., 310 F.2d 565, 566 (5th Cir., 1962); N. L. R. B. v. Giustina Bros. Lumber Co., 253 F.2d 371, 374 (9th Cir., 1958).

Petitioner argues that to have raised the unit representation issue in 1963 in this case would have been futile in the face of adverse determinations in two cases within a few months prior to the present case where respondent's requests to review unit determinations had been refused by the Board.

■ While technically respondent failed to request review of the unit determination of the Regional Director, respondent did contest this issue at the representation hearing it reserved this question in its Request for Review of the post-election report, it argued this issue before the Trial Examiner at the unfair labor practice hearing. We feel that the respondent is not now barred from raising this objection before the Court since this has been his position from the inception of the proceedings, and the Board has been adequately appraised of his intention to rely on this. N. L. R. B. v. Eastern Mass. St. Ry. Co., 235 F.2d 700, cert. den. 352 U.S. 951, 77 S.Ct. 325, 1 L.Ed.2d 242 (1st Cir. 1956); N. L. R. B. v. Revere Metal Art Co., 280 F.2d 96, cert. den. 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 189 (2nd Cir., 1960).

In fact, at the unfair labor practice hearing, the Trial Examiner specifically noted that respondent was precluded from court review of the representation case, and that the appropriate means of testing the result was to take the risk of refusing to bargain, and to challenge the finding in the unfair labor practice complaint proceeding. That is what respondent was trying to do. The Trial Examiner added:

"Certainly it is not my function to prevent Respondent from adequately presenting its case in whatever forum is proper, and I do not so view my function."

Subsequent to the argument of this petition, the Supreme Court has decided the case of N. L. R. B. v. Metropolitan Life Insurance Company, 380 U.S. 438, 85 S.Ct. 1061, 13 L.Ed.2d 951 (April 5, 1965). This was a unit determination case (among a number of others from the various circuits) in which the Board by a change of policy certified a single office unit of the insurance company as an appropriate unit. The Court of Appeals for the First Circuit refused to enforce the Order on the grounds that because of the Board's failure to articulate specific reasons for its unit determination, the Board's apparently inconsistent determination of appropriate units of respondent's employees in other cities and regions, its failure to discuss what weight, if any, it gave to the factor of the extent of unit organization, and the fact that in these cases the Board consistently certified the unit requested by the Union, the Court could only conclude that the Board had regarded the extent of Union organization as controlling in violation of the provisions of Section 9(c)(5) of the Act. 327 F.2d 906.

On appeal the Supreme Court held, 380 U.S., at page 442, 85 S.Ct., at page 1063:

"We agree with the Court of Appeals that the enforcing court should not overlook or ignore an invasion of the § 9(c) (5) command. We further agree that in determining whether or not there has been such an evasion, the results in other recent decisions of the Board are relevant. We cannot, however, agree that the only possible conclusion here is that the Board has violated § 9(c) (5).

* * *

On the other hand, due to the Board's lack of articulated reasons for the decisions in and distinctions among these cases, the Board's action here cannot be properly reviewed. When the Board so exercises the discretion given to it by Congress, it must 'disclose the basis of its order' and 'give clear indication that it has exercised the discretion with which Congress has empowered it.' Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 197, 61 S.Ct. 845, 854, 85 L.Ed. 1271. See Burlington Truck Lines v. United States, 371 U.S. 156, 167–169, 83 S.Ct. 239 245–246, 9 L. Ed.2d 207; Interstate Commerce Comm'n v. J-T Transport Co., 368 U.S. 81, 93, 82 S.Ct. 204, 211, 7 L. Ed.2d 147. Although Board counsel in his brief and argument before this Court, has rationalized the different unit determination in the variant factual situations of these cases on criteria other than a controlling effect being given to the extent of organization, the integrity of the administration process requires that 'courts may not accept appellate counsel's post hoc rationalizations for agency action * * *.' Burlington Truck Lines v. United States, supra, 371 U.S. at 168, 83 S.Ct. at 246; see Securities & Exchange Comm'n v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L. Ed. 1995. For reviewing courts to substitute counsel's rationale or their discretion for that of the Board is incompatible with the orderly function of the process of judicial review." (Footnotes omitted).

Certiorari had been granted in the above case because of a conflict between the Circuit Courts of Appeals on the same unit determination questions involving insurance companies. All were remanded to the Circuits for remand to the National Labor Relations Board for further proceedings consistent with this opinion. See Metropolitan Life Ins. Co. v. N. L. R. B., 380 U.S. 523, 85 S.Ct. 1325, 14 L.Ed.2d 265, reversing 328 F.2d 820 (3rd Cir.); Western & Southern Life Ins. Co. v. N. L. R. B., 380 U.S. 522, 85 S.Ct. 1326, 14 L.Ed.2d 265, reversing 328 F.2d 891 (3rd Cir.); Metropolitan Life Insurance Co. v. N. L. R. B., 380 U.S. 525, 85 S.Ct. 1326, 14 L.Ed.2d 265, reversing 330 F.2d 62 (6th Cir.).

Examining the determination of the Board in the instant case, we find a striking parallel. The Regional Director made his determination on the appropriateness of a single unit on the basis of (1) community of interest, (2) geographical separation, (3) substantial authority of plant managers, (4) little employee interchange between plants, and (5) no history of collective bargaining in any plant and no organization seeking broader based representation. All of these are, in themselves valid reasons, as they were so held by this court in Metropolitan Life Insurance Co. v. N. L. R. B., 328 F.2d 820.

But here, as in the Metropolitan Life Insurance Company cases, the Board makes no attempt to explain its departure from its prior determinations with regard to the same plants of employer in prior years. Again, as in Metropolitan, the explanation is set forth in the brief of counsel for the Board; a change in Board policy in 1961 in which the Board has been more prone to find single plant or less than company-wide units appropriate. But, as Justice Goldberg stated in Metropolitan, this substitutes counsel's rationale and the Court's discretion for that of the Board.

In our opinion the prior history of this respondent required that the Board explain its departure from its prior determination. As stated in N. L. R. B. v. Metropolitan Life Ins. Co., 380 U.S. 438, at p. 443, 85 S.Ct. 1061, at p. 1064 (note 5):

"Moreover, the Board made no attempt to distinguish other cases, particularly the Chicago and Cleveland cases discussed supra, in which it certified different types of units. The unfair labor practice proceed-

ing added nothing to the analysis, as the trial examiner did not review the issue, as he felt was 'bound by the Board's ruling in the representation proceeding,' * * * and the Board affirmed the trial examiner's ruling without discussion * *."

## II.

### THE DENIAL OF A HEARING.

Respondent complains here, as it has in three prior stages of the proceedings, that it has been denied a right to a hearing on a substantial and material issue, the sustaining of a challenge to a ballot which could determine the result of a representation election.

The importance of this single issue is shown by the respondent's history. After a series of representation petitions had been denied because the Labor Board had determined single plants not to be appropriate units the Labor Board changed its prior stand and determined that four individual plants were each appropriate units. In the plant in question 62 ballots were cast, 31 for the Union, 29 against, 2 challenged by the Union. One challenge was sustained on the grounds that it involved a supervisory employee. This is the one at issue, and its inclusion with the other unopened ballot could change the result.

The determination to sustain the challenge was made by the Regional Director on the basis of an ex parte investigation. Respondent requested and was denied a hearing on the question at the time of the Regional Director's administrative investigation.

Again in its Request for Review, respondent repeated its request for hearing on the status of the alleged supervisory employee whose ballot was critical setting forth in detail its facts in support of this contention. Review was denied by the Board on the basis that it raised no substantial issues warranting review. The Board now argues that "To this considerable extent the Company was 'heard' ".

At the hearing before the Trial Examiner on the unfair labor practice, respondent challenged the prior findings on the supervisory status of the employee concerned. The Trial Examiner rejected a detailed proffer of evidence to prove that said employee was not a supervisory employee on the grounds that this issue was determined by the Board's decision on the Petition for Review, and absent newly discovered evidence, could not be heard by him.

The Rules and Regulations of the National Labor Relations Board, Series 8, provide:

§ 102.69(c). "* * * if the challenged ballots are sufficient in number to affect the result of the election, the regional director shall investigate such objections or challenges, or both * * * such action by the regional director may be on the basis of an administrative investigation or, if it appears to the regional director that substantial and material factual issues exist which can be resolved only after a hearing on the basis of a hearing before a hearing officer, designated by the regional director."

The extensive nature of the Regional Director's report in which he details the results of his investigation of the supervisory nature of the duties of the challenged employee clearly establishes the existence of such "substantial and material factual issues." The printed record contains over five pages of discussion of the factual bases for his determination. Yet all of the evidence upon which he relied is derived from statements which were not subject to cross-examination or confrontation or to any legal tests for determining their use or weight as evidence.

The Board, on the Request for Review, refused to grant a hearing. The Rules and Regulations provide:

§ 102.69(e): "If it appears to the Board that such exceptions raise substantial and material factual issues, the Board may direct the re-

gional director or other agent of the Board to issue and cause to be served on the parties a notice of hearing on said exceptions before a hearing officer."

Section 10(b) of the Labor Management Relations Act, with reference to procedure upon complaint of violation, requires a hearing. It further provides:

" * * * The person so complained of shall have the right to file an answer to the original or amended complaint and to appear in person or otherwise and give testimony at the place and time fixed in the complaint." 29 U.S.C. § 160(b).

█ The Regional Director's report on the post-election ballot challenges reveals that he at least collected a considerable amount of information, whatever probative value it may have to support a conclusion that the employee was supervisory. Respondent requested an opportunity to have these facts determined by a hearing. This was denied, and its subsequent request to the Board for hearing was denied. The nature of the evidence which respondent wished to present is revealed both in its Request for Review and in its offer of proof before the Trial Examiner on the unfair labor practice proceeding. The respondent there set forth in detail several factual matters which it offered to prove to contradict facts found by the examiner in his report based on ex parte investigation. Respondent's offer of proof also contained clearly relevant facts which were not mentioned in the Regional Director's findings. We are not concerned with the question of whether or not the evidence considered by the Regional Director is sufficient to support his finding, or whether the rejected evidence of respondent would overcome the findings; we are solely concerned with the fact that the offer and the findings raise a substantial conflict of fact which the Board's Rules and Regulations require to be determined by a hearing. If this was not apparent to the Board at any prior stage it became clearly apparent at the Trial Examiner's hearing. The circumstances compelled a hearing, at the very least, at this stage.

It is apparent that the status of the employee whose ballot was challenged presents a substantial factual issue. The extent of the Regional Director's discussion of facts attests to its substance. The materiality is proven by the fact that this vote could determine the result. Therefore, the failure to determine this issue on the basis of a hearing constitutes a clear abuse of discretion on the part of the Regional Director, which has been allowed to stand at the successive stages of the proceedings on the grounds that the original determination was not open to subsequent review. Not only the Rules and Regulations, but due process of law demands that a hearing be held on this contested factual issue at some stage of the administrative proceeding before respondent's rights can be affected by an enforcement Order.

Decisions in the courts of appeal for several circuits all support respondent's contentions specifically with respect to challenged ballots.

In N. L. R. B. v. Sidran, 181 F.2d 671 (5th Cir. 1950), the Regional Examiner found facts and made a determination on contested ballots upon an ex parte administrative investigation. The Board upheld the Regional Director's findings. The Circuit Court, upon enforcement proceedings, stated:

"Manifestly, the Board's action in considering such report was not within its discretionary power, but under the circumstances arbitrarily deprived respondent of a fair trial." 181 F.2d at 673.

In N. L. R. B. v. Poinsett Lumber & Mfg. Co., 221 F.2d 121 (4th Cir. 1955), where objections to the conduct of the election were raised and disposed of by the Regional Director on administrative investigation, and where hearing before the Board and the Trial Examiner were refused on the factual issues, involving a representation election, the Court stated:

"We think that it is entitled to a hearing at some stage of the proceedings

so that it may produce the evidence upon which it relies for consideration by the Board and for consideration by this court in proceedings to enforce or set aside the Board's order." (p. 123).

In another challenged ballot case, N. L. R. B. v. Joclin Mfg. Co., 314 F.2d 627 (2nd Cir. 1963), the Regional Director filed a report based on an ex parte investigation to which employer excepted. Again at the review stage and at the complaint stage the employer was denied the right to produce testimony. Citing and following N. L. R. B. v. Sidran (Cit. supra), the Court stated:

"In consequence a court cannot properly enforce an order finding an employer guilty of an unwarranted refusal to bargain with a union certified in an election if it appears, with respect to challenges affecting the result, either that they were disposed of erroneously as a matter of law or that the employer raised 'substantial and material factual issues' under the Regulations and was denied a hearing that he seasonably requested." (pp. 631–632).

See also N. L. R. B. v. Dallas City Packing Company, 230 F.2d 708 (5th Cir. 1956), and N. L. R. B. v. Lord Baltimore Press, Inc., 300 F.2d 671 (4th Cir. 1962).

Both parties have recited the factual situation with regard to the challenged employee at length in briefs, and the Regional Director's report discussed it in detail. This only substantiates our conclusion that this was "a substantial and material factual issue."

We are of the opinion, therefore, that both a proper application of the Board's Regulations, and the requirements of due process demanded a hearing on the factual issues surrounding the employment of the challenged voter. The history of prior representation petitions, the disputed appropriate unit questions, and the closeness of the vote making the challenged ballot critical, all support the conclusion that a hearing on the challenged ballot was the only fair and proper method of procedure. Where all of these cir-

cumstances co-exist all procedural safeguards ought to be used. Only a hearing can supply this. As stated by Chief Justice Hughes in Morgan v. United States, 304 U.S. 1, at page 18, 58 S.Ct. 773, at page 776, 82 L.Ed. 1129:

"The right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them."

These safeguards were missing in the present action.

A decree will be entered denying the Board's petition for enforcement.