**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**Construction, Production & Maintenance Laborers' Local Union No. 383, Intervenor,**

v.

**HYDRO CONDUIT CORPORATION, Respondent.**

**No. 86–7402.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1987.

Decided March 27, 1987.

---

Paul J. Spielberg, Washington, D.C., for petitioner.

Gerard Morales and Thomas J. Kennedy, Phoenix, Ariz., for respondent.

Before ANDERSON, ALARCON and HALL, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The National Labor Relations Board ("the Board") has applied to this court for enforcement of its order requiring respondent Hydro Conduit Corp. ("the Company") to bargain collectively with the Construction, Production & Maintenance Laborers' Local Union No. 383, Laborers' International Union of North America, AFL–CIO ("the Union"). The Board found that the respon-

dent had committed unfair labor practices by withdrawing recognition from the Union without objective considerations sufficient to establish a good faith doubt of the Union's majority status in violation of the National Labor Relations Act ("the Act"), Section 8(a)(5) and (1), 29 U.S.C. § 158(a)(5) and (1).

The respondent argues that the Board improperly reversed the Administrative Law Judge's decision that the unappealed decision of the Regional Director in the representation case precluded the finding of a refusal to bargain in the unfair labor practice case.

We reverse the decision of the Board and deny the application to enforce the order.

## BACKGROUND

Since 1970, the Company and the Union were parties to collective bargaining agreements covering employees at a Company facility in Phoenix, Arizona. The last contract between the Company and the Union was effective from March 1, 1979 to March 1, 1982. On March 2, 1982, the Company filed a petition for an election in Case 28–RM–415. On March 17, 1982, the Regional Director for Region 28 issued a Notice of Representation Hearing setting a hearing date for March 25, 1982. On March 24, 1982, the day before the hearing, the Union filed charges alleging that the Company violated Section 8(a)(1), (3) and (5) of the Act by failing to execute an agreement to which the parties had consented on March 2, 1982, by engaging in direct bargaining with employees, by discriminating against employees because of their union activities, and by otherwise interfering with the Section 7 rights of employees. The hearing was conducted in the representation case on March 25, 1982. On April 16, 1982, the Regional Director dismissed the unfair labor practice charges against the Company. Shortly thereafter, the Union appealed the dismissal to the General Counsel in Washington, D.C. On April 21, 1982, while the appeal to the dismissal of the charge in the unfair labor practice case was pending, the Regional Director issued a Decision and Direction of Election in which he found

that a question affecting commerce existed concerning the representation of the employees in the bargaining unit. In the decision, the Regional Director notified the parties of their right to request review of his decision pursuant to Section 102.67 of the Board's Rules (29 C.F.R. § 102.67 (1981)).

Section 102.67(b) of those rules provides that a decision by a regional director shall be final unless a request for review is filed with the Board in Washington, D.C. within 10 days after service of the decision. The Union did not file such a request for review and the Regional Director's decision, which in part found that there was a question concerning representation, became final.

By telegraphic order dated May 14, 1982, the Board granted the Regional Director's request to conduct the election on May 14, 1982, and to impound the ballots pending disposition of the appeal on the dismissal of the unfair labor practice charges. The election was held on that date and the ballots were impounded. They have not yet been opened.

On July 29, 1982, the General Counsel's Office of Appeals reversed the Regional Director and directed him to issue a complaint in the unfair labor practice case. On November 19, 1982, the Regional Director issued the complaint in the instant case which alleges that the Company violated Section 8(a)(5) and (1) of the Act on or about March 3, 1982 by refusing to execute a written contract embodying an agreement the parties had reached and by failing and refusing to recognize and bargain with the Union.

By letter dated December 3, 1982, the Regional Director notified the Company that further processing of the petition in the representation case was being held in abeyance pending disposition of the unfair labor practice charge. On December 10, 1982, the Company sought review of the Regional Director's decision to hold the representation case in abeyance, and on December 22, 1982, the Board denied the Company's appeal.

On February 28, 1983, the Company moved the Board for a summary judgment in the unfair labor practice case. By telegraphic order dated March 11, 1983, the Board denied the Company's motion for summary judgment without prejudice to the Company's right to make the same contention before the Administrative Law Judge (ALJ) at the unfair labor practice hearing.

On May 24, 1983, the Company filed a motion for judgment on the pleadings which was referred for ruling to the ALJ conducting the hearing. The hearing occurred on June 7, 1983, at which time all parties presented their views with regard to the Company's motion for judgment on the pleadings. Though the parties stipulated to some background facts to put the motion in context, no testimony or documentary evidence was adduced on the unfair labor practice complaint at that time. After ruling, in substance, that the final, unappealed decision of the Regional Director, which found that a question concerning representation existed, precluded the finding of a refusal to bargain in the unfair labor practice case, the ALJ granted the Company's motion and dismissed the complaint.

Thereafter, the General Counsel and the Union filed with the Board requests to review the ALJ's dismissal of the complaint. The Company filed an opposition to that request and all parties filed voluminous written arguments with the Board. By telegraphic order dated August 26, 1983, the Board reversed the ALJ's order dismissing the complaint with the following language:

> ... General Counsel's and Charging Party's requests for review of Administrative Law Judge's order granting Respondent's motion for summary judgment and dismissing the complaint is granted, the Administrative Law Judge is reversed and this matter is remanded to the Administrative Law Judge with instructions to permit the introduction of evidence in connection with Respondent's objective considerations for refusing to bargain with the Union....

Pursuant to the direction of the Board, the ALJ rescheduled the hearing, but again dismissed the unfair labor practice com-

plaint, adhering to his original determination that the Regional Director's decision in the representation case precluded litigation on the unfair labor practice charges. This decision was reversed by the Board which held that the Company violated the Act by failing and refusing to recognize and bargain with the Union after March 2, 1982. The Company filed a motion for reconsideration in which it requested the Board to clarify the reasons why the Regional Director's April 21, 1982 decision should not be considered final. On May 5, 1986, the Board denied the motion for reconsideration. The Board then applied to this court for enforcement of its findings of unfair labor practices.

## STANDARD OF REVIEW

The Board is entitled to enforcement of its order "if it correctly applied the law and its findings are supported by substantial evidence in the record viewed as a whole." *Eichelberger v. NLRB*, 765 F.2d 851, 853 (9th Cir.1985). Although a reviewing court reviews questions of law *de novo*, it should give considerable deference to the Board's expertise in construing and applying the labor laws. *United States v. McConney*, 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *Mingtree Restaurant, Inc. v. NLRB*, 736 F.2d 1295, 1297 (9th Cir.1984). Thus, with deference to the Board, we review *de novo* whether the Board properly reversed the ALJ's decision dismissing the unfair labor practice complaint.

## DISCUSSION

The Company contends that the refusal to bargain issue was *res judicata* and, in light of Board regulation 29 C.F.R. § 102.-67(f), the Board erred in relitigating the refusal to bargain charge. We agree.

Board regulation § 102.67(f) sets out the consequence for failing to request review of a representation proceeding. It provides in part:

> The parties may, at any time, waive their right to request review. Failure to request review shall preclude such parties

from relitigating, in any related subsequent unfair labor practice proceeding, any issue which was or could have been, raised in the representation proceeding. Under 29 C.F.R. § 102.67(b) (1981), review can be obtained by filing a request for review with the Board in Washington, D.C. within 10 days of service of the decision upon the parties.

The circuit courts that have addressed the issue have concluded that § 102.67(f) does not prevent relitigation in a subsequent § 8(a)(1) or § (a)(3) unfair labor practice proceeding of issues that were or could have been raised in a representation proceeding. *Intermountain Rural Elec. Ass'n v. NLRB*, 732 F.2d 754, 760–61 (10th Cir.) *cert denied*, 469 U.S. 932, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); *NLRB v. Dillon Stores*, 643 F.2d 687, 690 (10th Cir. 1981); *Rock Hill Tel. Co. v. NLRB*, 605 F.2d 139, 143 (4th Cir.1979); *Heights Funeral Home, Inc. v. NLRB*, 385 F.2d 879, 881–82 (5th Cir.1967). *See, e.g., Amalgamated Clothing Workers of America v. NLRB*, 365 F.2d 898, 904–05 (D.C.Cir.1966) (the provision precludes relitigation in a "related" subsequent unfair labor practice proceeding). The phrase "any related subsequent unfair labor practice proceeding" found in § 102.67(f) has been interpreted to relate only to § 8(a)(5) refusal to bargain cases. *Rock Hill Tel. Co.*, 605 F.2d at 143; *Amalgamated Clothing Workers*, 365 F.2d at 904. While the Board has not always been consistent in applying § 102.67(f), it has adopted the rationale in *Heights Funeral* and *Amalgamated Clothing Workers* that § 102.67(f) does not necessarily preclude relitigation of issues in subsequent unfair labor practice proceedings *other than* § 8(a)(5) refusal to bargain proceedings. *See Serv-U-Stores, Inc.*, 234 NLRB No. 191, 1978 CCH NLRB ¶ 19.054 at nn 8 and 10 (1978) (expressly overruling decisions inconsistent with *Amalgamated Clothing Workers*).

In the instant case, had the Union requested review of the Regional Director's decision in the representation hearing, then any issue which was or could have been raised in the representation hearing, such

as § 8(a)(5) charges, could have been addressed by the Board. By failing to request such review, the Union is barred from relitigating any such issue, especially the § 8(a)(5) charges. As stated above, § 102.67(f) has been interpreted to bar relitigation of refusal to bargain issues in subsequent unfair labor practices proceedings. Such a bar applies here.

In addition, it cannot be argued that § 102.67(f) does not apply to the § 8(a)(1) charge is this case. The presence of additional unfair labor practice claims does not destroy the relationship between the representation proceeding and the subsequent unfair labor practice case and in no way necessitates relitigating the refusal to bargain issue. *See Sahara Datsun, Inc. v. NLRB*, 811 F.2d 1317, 1321 (9th Cir.1987). Here, the issues in the representation proceeding and the unfair labor practice case are "related" and hence governed by § 102.67(f). Consequently, the § 8(a)(1) charge is likewise barred from relitigation.

## CONCLUSION

We hold that based on the record before us, the Board incorrectly applied the law, and its decision, therefore, cannot stand. We reverse the Board's decision and deny enforcement of its order.

ORDER REVERSED.